## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CALUMET MONTANA REFINING, LLC, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Respondent. | Case No. 23-1194 <br><br> (consolidated) |

## JOINT UNOPPOSED MOTION TO STAY ALL DEADLINES AND HOLD CASE IN ABEYANCE

Pursuant to Federal Rules of Appellate Procedure 26(b) and 27, Petitioners [1] and Respondent U.S. Environmental Protection Agency ("EPA") jointly submit this unopposed motion to stay all case deadlines and hold this matter in abeyance until thirty (30) days after the resolution of all of the following actions that are currently pending in this Court and other Circuits: (i) *Sinclair Wyoming Refining Co. v. EPA*, No. 22-1073 (consol.) (D.C. Cir.); (ii) *Calumet Shreveport Refining, LLC v. EPA*, No. 22-60266 (consol.) (5th Cir.); and (iii) *Hunt Refining Co. v. EPA*, No. 22-

---

[1] All Petitioners in this consolidated action join in this motion: American Refining Group, Inc.; Calumet Montana Refining, LLC; Calumet Shreveport Refining, LLC; Countrymark Refining & Logistics, LLC; Cross Oil Refining & Marketing, Inc.; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; Hunt Refining Company; Par Hawaii Refining, LLC; Placid Refining Company LLC; San Joaquin Refining Co., Inc.; The San Antonio Refinery LLC; U.S. Oil & Refining Company; Wynnewood Refining Company, LLC; and Wyoming Refining Company.

11617 (consol.) (11th Cir.) (collectively, the "April and June 2022 Denial Cases").[2] All the Petitioners in this action are also petitioners in one or more of the April and June 2022 Denial Cases.

As explained below, resolution of the April and June 2022 Denial Cases could resolve some, or potentially all, of the issues that would be raised in the instant matter. Decisions in the April and June 2022 Denial Cases could therefore obviate the need for this Court to consider the same merits issues. The interests of efficiency and judicial economy therefore weigh heavily in favor of staying this action pending the outcome of the April and June 2022 Denial Cases.

No party opposes the relief requested in this motion. If the Court prefers, Petitioners and Respondent will coordinate to file status reports at designated intervals (e.g., 90 days). For the reasons set forth herein, the parties' joint unopposed motion to stay all case deadlines and hold this matter in abeyance should be GRANTED.

## BACKGROUND

### A.    The RFS Program & Small Refinery Hardship Exemptions

Congress amended the Clean Air Act to establish the Renewable Fuel Standard ("RFS") program in 2005 and 2007. 42 U.S.C. § 7545(o); *see* Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat 594; Energy

---

[2] By joining this motion, EPA does not waive any defenses or the ability to later challenge venue or any other issues in any of challenges to the July 2023 Denial and reserves all rights. Petitioners also reserve all rights.

Independence and Security Act of 2007, Pub. L. No. 110–140, 121 Stat 1492. The RFS program sets escalating annual volumes of four types of biofuels for blending into the transportation fuels (gasoline and diesel) sold in the United States. 42 U.S.C. § 7545(o)(2)(B)(i)(I)-(IV). Congress also permitted "[a] small refinery [to] at any time petition the [EPA]" for an "exemption" from the annual RFS obligation by showing that it would suffer "disproportionate economic hardship" if required to comply with the RFS for the year in question. 42 U.S.C. § 7545(o)(9)(B)(i)-(ii).[3]

## B.    The April and June 2022 Denial Cases

In April 2022, EPA denied 36 petitions for small refinery hardship exemptions from the RFS for the 2018 compliance year, including hardship petitions submitted by most of the Petitioners. *See* 87 Fed. Reg. 24,300 (Apr. 25, 2022) ("April 2022 Denial"). All but three of the Petitioners in this action petitioned for review of the April 2022 Denial in the regional circuits in which Petitioners contend they are located and where they contend venue is proper under 42 U.S.C. § 7607(b)(1). All but two of the Petitioners in this action also filed petitions for review of the same April 2022 Denial in this Court, because EPA stated in its Federal Register notice that the April 2022 Denial was "nationally applicable" or "based on a determination of nationwide scope or effect" under 42 U.S.C.

---

[3] A "small refinery" is one "for which the average aggregate daily crude oil throughput for a calendar year ... does not exceed 75,000 barrels." 42 U.S.C. § 7545(o)(1)(K).

§ 7607(b)(1) and that "petitions for judicial review of this action must be filed in the United States Court of Appeals for the District of Columbia Circuit by June 24, 2022." 87 Fed. Reg. at 24,201.

In June 2022, EPA similarly denied 69 petitions for small refinery hardship exemptions from RFS compliance, including the hardship petitions submitted by Petitioners for one or more of the 2017–2021 compliance years. *See* 87 Fed. Reg. 34,873 (June 8, 2022) ("June 2022 Denial"). All but one of the Petitioners in this action petitioned for review of the June 2022 Denial in their regional circuits where Petitioners contend they are located, and all Petitioners filed petitions for review of the same agency action in this Court, based on the same venue dispute explained above. *See id.* at 34,873.

The Fifth and Eleventh Circuits carried the venue issue with the case in petitions for review filed by several small refineries. *Hunt Refining Co. v. EPA*, No. 22-11617, Doc. 25 (11th Cir. Aug. 31, 2022); *Calumet Shreveport Refining, LLC v. EPA*, No. 22-60266, Doc. 120 (5th Cir. Oct. 21, 2022). The Eleventh Circuit heard oral argument on July 27, 2023. *Hunt Refining*, No. 22-11617, Doc. 111 (11th Cir. Jul. 27, 2023). The Fifth Circuit heard oral argument on October 2, 2023. *Calumet Shreveport Refining*, No. 22-60266, Doc. 403 (5th Cir. Oct. 2, 2023).

The petitions for review of the April and June 2022 Denials in the D.C. Circuit are pending in the consolidated action styled *Sinclair Wyoming Refining Co. v. EPA*, No. 22-1073 (D.C. Cir.). The petitioners in case

No. 22-1073, which include all the Petitioners in this action, filed their joint opening merits brief on June 15, 2023. *Sinclair Wyoming Refining*, No. 22-1073, Doc. 2003733 (D.C. Cir. Jun. 15, 2023). EPA's response brief was filed on October 11, 2023, *id.*, Doc. 2021481 (D.C. Cir. Oct. 11, 2023), and the petitioners' joint reply is due December 20, 2023. *Id.*, Doc. 2014289 (D.C. Cir. Aug. 25, 2023). Oral argument has not yet been scheduled.

## C.  Petitions for Review of EPA's July 2023 Denial

In July 2023, EPA denied 26 petitions for small refinery hardship exemptions submitted by the Petitioners. *See* 88 Fed. Reg. 46,795 (July 20, 2023) ("July 2023 Denial").[4] The July 2023 Denial "relies on the same approach and the same analyses" as the April and June 2022 Denials. *Id.* at 46,795. Thus, EPA acknowledged in the July 2023 Denial that decisions in the pending April and June 2022 Denial Cases "will likely be dispositive to most issues that would be raised in any challenges to this final action." July 2023 Denial at 1 n.2.

All the Petitioners in this action filed petitions for review of the July 2023 Denial in the regional circuits where they contend they are located and also filed what Petitioners have described as "protective" petitions for review of the same agency action in this Court. *See* 88 Fed. Reg. at

---

[4] The full text of the July 2023 Denial can be found at Exhibit A to Calumet Montana's Petition for Review in this matter. No. 23-1194, Doc. 1, Ex. A (July 26, 2023).

46,795–796. The parties have filed materially identical abeyance requests in the regional circuits, and each of the six circuit courts granted the requests. *See, e.g.*, *American Refining Group, Inc. v. EPA*, No. 23-2664, Doc. 14 (3d Cir. Oct. 5, 2023); *San Antonio Refining, LLC v. EPA* ("*TSAR*"), No. 23-60399, Doc. 69 (5th Cir Oct. 3, 2023); *Countrymark Refining & Logistics, LLC v. EPA*, No. 23-2766, Doc. 6 (7th Cir. Sept. 26, 2023); *Cross Oil Refining & Marketing, Inc. v. EPA*, No. 23-3101, Doc. 5322573 (8th Cir. Oct. 3, 2023); *Par Hawaii Refining, LLC v. EPA*, No. 23-2185, Doc. 8 (9th Cir. Oct. 2, 2023); *Wyoming Refining Co. v. EPA*, No. 23-9582, Doc. 010110928527 (10th Cir. Sept. 28, 2023).[5]

## ARGUMENT

This Court has the inherent authority to stay all case deadlines and hold this matter in abeyance pending the resolution of the April and June 2022 Denial Cases. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *In re*

---

[5] There are three petitions challenging EPA's July 2023 Denial in the Fifth Circuit. In one, the Fifth Circuit granted the joint abeyance request. *TSAR*, Doc. 69 (5th Cir Oct. 3, 2023). In the second, the Fifth Circuit denied the abeyance request and the parties recently filed a joint motion for reconsideration, which remains pending. *Ergon Refining, Inc. v. EPA*, No. 23-60492, Doc. 20-2 (5th Cir. Sept. 25, 2023); *id.*, Doc. 21-1 (5th Cir. Oct. 18, 2023). And in the third, the parties only recently filed the joint abeyance request, which remains pending. *Wynnewood Refining Company v. EPA*, No. 23-60427, Doc. 60 (5th Cir. Oct. 18, 2023).

*FTC Line of Bus. Rep. Litig.*, 626 F.2d 1022, 1027 & n.29 (D.C. Cir. 1980) (same).

This Court should stay all case deadlines and hold these consolidated petitions for review of the July 2023 Denial in abeyance until thirty (30) days after the resolution of the April and June 2022 Denial Cases. There is substantial overlap between the merits issues that would be raised in the instant matter and those that will be decided by this Court and the Fifth and Eleventh Circuits in the pending April and June 2022 Denial Cases. As EPA stated in the July 2023 Denial, its decision to deny Petitioners' small refinery hardship petitions "relies on the same approach and the same analyses" as EPA's April and June 2022 Denials. 88 Fed. Reg. at 46,795. Thus, as EPA further acknowledged in the July 2023 Denial, court decisions in the April and June 2022 Denial Cases "will likely be dispositive to most issues that would be raised in any challenges to this final action." July 2023 Denial at 1 n.2.

Staying all case deadlines and holding this action in abeyance is in the interests of judicial economy and efficiency and will avoid the waste of judicial resources and unnecessary duplication of efforts by the parties and their counsel. The court decisions in the April and June 2022 Denial Cases could obviate the need for this Court to consider the same merits issues in this case. Unless all case deadlines are stayed and this action is held in abeyance, the parties and this Court will have to expend resources

that would very likely prove to be unnecessary after the resolution of the April and June 2022 Denial Cases.

No party will be prejudiced by, and no party opposes, the requested relief. All the Petitioners here are also petitioners in one or more of the April and June 2022 Denial Cases. Likewise, Respondent EPA is also the respondent in all of the April and June 2022 Denial Cases. In addition, Movant-Intervenor Growth Energy also intervened in the April and June 2022 Denial Cases in the Fifth and D.C. Circuits, and Growth Energy does not oppose the relief requested in this motion.[6]

For purposes of determining the expiration of the abeyance, the parties agree that "resolution" of the April and June 2022 Denial Cases will occur upon the issuance of the mandate in the last of the three April and June 2022 Denial Cases to be decided by this Court and the Fifth and Eleventh Circuits. The parties further request that the Court's order provide that any party may move to terminate or extend the abeyance for good cause shown. And, if the Court prefers, Petitioners and Respondent

---

[6] This Court recently found that Movant-Intervenor Growth Energy "has satisfied the requirements for intervention" but deferred consideration of Growth Energy's motion to intervene to allow the parties to seek entry of a protective order. Order, Doc. 2023350 (Oct. 23, 2023). Should this case proceed after the abeyance period, the parties will confer on a stipulated protective order, and the parties will move the Court for entry of a stipulated protective order so that Movant-Intervenor's intervention motion can be decided.

will coordinate to file status reports at designated intervals (e.g., 90 days).

## CONCLUSION

For the foregoing reasons, the Court should grant this joint motion to stay all deadlines and hold this case in abeyance until thirty (30) days after the resolution of the April and June 2022 Denial Cases.

Dated:  October 27, 2023

TODD KIM
Assistant Attorney General

s/ Bryan J. Harrison
BRYAN J. HARRISON
JEFFREY HUGHES
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 307-0930 (Harrison)
(202) 532-9080 (Hughes)
bryan.harrison@usdoj.gov
jeffrey.hughes@usdoj.gov

Attorneys for U.S. Environmental Protection Agency

s/ Samuel P. Hershey
Samuel P. Hershey
Thomas E Lauria
Andrew K. Gershenfeld
Taylor Robert Pullins
WHITE & CASE LLP
1221 Ave. of the Americas
New York, NY 10020
Telephone: (212) 819-2699
sam.hershey@whitecase.com

Attorneys for Petitioner
Wynnewood Refining Co., LLC

Respectfully submitted,

s/ Jonathan G. Hardin
Jonathan G. Hardin
Alexandra Magill Bromer
PERKINS COIE LLP
700 13th Street, NW, Suite 800
Washington, D.C.  20005-3960
Telephone:  202.654.6297
Facsimile:  202.654.6211
JHardin@perkinscoie.com
ABromer@perkinscoie.com

Michael R. Huston*
Karl J. Worsham
PERKINS COIE LLP
2901 N. Central Ave., Suite 2000
Phoenix, AZ  85102-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
MHuston@perkinscoie.com
KWorsham@perkinscoie.com
*Admitted only in Washington, D.C.

Attorneys for American Refining Group, Inc.; Calumet Montana Refining, LLC; Calumet Shreveport Refining, LLC; Countrymark Refining & Logistics, LLC; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; Hunt Refining Company; Par Hawaii Refining, LLC; Placid Refining Company LLC; San Joaquin Refining Co., Inc.; The San Antonio Refinery LLC; U.S. Oil & Refining Company; and Wyoming Refining Company

_s / Mark W. DeLaquil_
Mark W. DeLaquil
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Ave., NW
Washington, DC 20036
(202) 861-1527
mdelaquil@bakerlaw.com

_Attorney for Petitioner Cross Oil
Refining & Marketing, Inc._

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,073 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

Dated: October 27, 2023

*s/ Jonathan G. Hardin*

Jonathan G. Hardin

PERKINS COIE LLP

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated:  October 27, 2023

*s/ Jonathan G. Hardin*
Jonathan G. Hardin
PERKINS COIE LLP